Judith M. Brown-Williams In Pro Per
Alvin E. Williams In Pro Per
22419 South Summit Ridge Circle
Chatsworth, California 91311
Tel (818) 341-6975 / Fax (818) 349-1522

Plaintiffs In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
OCT 21 2013
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ALVIN E. WILLIAMS and
JUDITH M. BROWN-WILLIAMS

Plaintiffs

v.

SUPERIOR COURT OF LOS ANGELES COUNTY
CARROLL BURDICK & MCDONOUGH LLP
DAVID ALLAN GOLDSMITH
KAPLAN LEE LLP
LAW OFFICE OF JIM O. WHITWORTH
NORMAN TAYLOR & ASSOIATES
BRADLEY & GMELICH LAWYERS

Defendants

Case No. CV13-7759 GW (JCG)

**CIVIL RIGHTS COMPLAINT**
**(42 U.S.C. 1983)**
**(42 U.S.C. 1985)**

**Jury Trial Demanded: Yes**

## A. JURISDICTION

1. This court has Jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343, Federal question jurisdiction pursuant to 42 U.S.C. § 1983 and 42 U.S. C. § 1985

Clerk, US District Court
COURT 4612
OCT 21 2013
PAID

## II. VENUE

2. Venue is proper pursuant to 28 U.S.C. § 1391 because of a Judge is an officer of the court, as well as are all attorneys. A state judge is a state judicial officer, paid by the State to act impartially and lawfully. State and attorneys fall in the same general category and must meet the same requirements. *A judge is not the court.*

## III. PARTIES

3. **Plaintiff : ALVIN E. WILLIAMS** resides at:

22419 S. Summit Ridge Circle, Chatsworth, California 91311

4. **Plaintiff : JUDITH M BROWN-WILLIAMS** resides at:

22419 S. Summit Ridge Circle, Chatsworth, California 91311

5. **Defendants: SUPERIOR COURT OF LOS ANGELES COUNTY**

Defendants place of work: 111 N. Hill Street, Los Angeles, California

Defendant title: Superior Court Judge Mark V. Mooney,

This Defendant is sued in his official capacity.

This Defendant was the Superior Court of Los Angeles County Judge in Department 68 who presided over the trial in the "*Williams et al v. Bentley Motors Inc. et al. case no. BC342574.*

This Defendant were acting under the authority or color of state law at the time these claims occurred because Defendant refused to allow the jury in the matter to see the videotape evidence provided by the Plaintiffs and ordered Plaintiffs attorney Jim Whitworth out of the presence of jurors to view the videotape in the

courts hallway and report to the court outside the presence of the jury what he observed on the video; the Defendant was not present for the reading of the Jury's verdict on July 2, 2007; the Defendants accepted documents and motions that conflicted with the courts orders on July 3, 2007, the Defendants signed a Controverted Judgment on August 15, 2007, the Defendant Sustained a vicious motion in Limine by Plaintiffs attorney Robert Mills and exclude Plaintiffs evidence from the first trial; the Defendant  Conformed Judgments are line stamped with [Judge Mark V. Mooney]; The Defendant used controverted amounts and evidence provided by Bradley & Gmelich Lawyers, David Allan Goldsmith and Kaplan Lee LLP attorneys to incorrectly determine that Bentley Motors Inc. and Rusnak/Pasadena was the prevailing party on August 15, 2007 and December 24, 2009; and the Defendant allowed Bentley Motors Inc., Rusnak/Pasadena's counsel Kaplan Lee LLP Jonathon Kaplan to exclude evidence of Plaintiffs daughter Alexxus being trapped in the 2004 Bentley Arnage the subject vehicle, the Defendant  evidentiary ruling in limine directing counsel not to disclose to the second jury details about the first jury's finding.

6.    **Defendants:  SUPERIOR COURT OF LOS ANGELES COUNTY**

Defendants place of work: 111 N.  Hill Street, Los Angeles, California

Defendant title: Superior Court Of Los Angeles County Judge Ruth Kwon

This Defendant is sued in her official capacity.

This Defendant was the Superior Court of Los Angeles County Judge in Department 68 who presided over the reading of the verdict on July 2, 2007 in "*Williams et al v. Bentley Motors Inc. et al. case no. BC342574.*

The Defendant was acting under the authority or color of state law at the time these claims occurred because the trial Court's Judge Ruth Kwon polled, thanked and discharged the jury on July 2, 2007 and without cause voided page 3 of the verdict form that voided Bentley Motors Inc. and Rusnak/Pasadena's liability in the matter and then further requested counsel stipulation to strike 7c of the jury's findings and instructing counsel to call Judge Mark V. Mooney on July 3, 2007 for a date for a trial on the Interest that was awarded by the jury;

7.   **Defendants: SUPERIOR COURT OF LOS ANGELES COUNTY**

    Defendants place of work: 111 N. Hill Street, Los Angeles, California

    Defendant title: Superior Court of Los Angeles clerk Anita Williams

    This Defendant is sued in their official capacity.

    This Defendant was the Superior Court of Los Angeles County Department 68 clerk in the matter *"Williams et al v. Bentley Motors Inc. et al.*

This defendant was acting under the color of law at the time these claims occurred because she did not enter the Judgment as prescribed by the jury on July 2, 2007 and the law of the State of California Civil Procedure..

8.   **Defendants:  SUPERIOR COURT OF LOS ANGELES COUNTY**

    Defendants place of work: 111 N. Hill Street, Los Angeles, California

    Defendant title: Superior Court of Los Angeles clerk Kelly Encinas

    This Defendant is sued in their official capacity.

    This Defendant was the Superior Court Of Los Angeles County Clerk in the case *"Williams et al v. Bentley Motors Inc.. et al. case no. BC342574.*

This defendant was acting under the color of law at the time these claims occurred because she signed Writ of Execution that was used by Bentley Motors Inc. and Jonathon Kaplan to file fraudulent liens against the Plaintiffs.

9. **Defendants: SUPERIOR COURT OF LOS ANGELES COUNTY**

Defendants place of work: 111 N. Hill Street, Los Angeles, California

Defendant title: Superior Court of Los Angeles clerk John A. Clarke

Defendant is sued in their official capacity.

Defendant was the Clerk of the Superior Court of Los Angeles in the matter *"Williams et al v. Bentley Motors Inc. et al"* and signed and filed the Judgment on April 27, 2009 without Plaintiffs damages.

This defendant was acting under the color of law at the time these claims occurred because she did not enter the Judgment as prescribed by the jury on July 2, 2007 These Defendants was acting under the authority or color of state law at the time these claims occurred because the Clerk never entered the damages as stated in the jury's Special Verdict form into the courts minutes and the judgment on July 2, 2007, and on April 27, 2009 and on April 26, 2010 and June 29, 2010 the clerk signed Writ of Executions allowing Jonathon Kaplan to remove thousands of dollars form the Plaintiffs' bank accounts and wages with notices of lien and levies that were signed by the clerk in the Superior Court of Los Angeles for amounts not authorized or granted by the court and the clerks lost Plaintiffs Exhibits List and other pertinent documents in the Superior Court case no. BC342574.

10. **Defendant: CARROLL BURDICK & MCDONOUGH LLP**

Defendants place of work: 633 West 5th Street 51st Floor

Los Angeles, California 90071

Defendant title: Sean Patrick Conboy

Defendants being sue in his official capacity.

Defendant was counsel for Bentley Motors Inc. and Rusnak/ Pasadena and and represented David Goldsmith as the Bentley representative.

Defendants acting under the authority of Bentley Motors Inc. and Rusnak/Pasadena when they represented David Allan Goldsmith as the purported Bentley Motors Inc. representative in the Court Ordered Mediation in the *Williams et al v. Bentley Motors Inc. et al* and because they refused to enter the proper judgment in the trial court with Plaintiffs damages and knew or should have known the prior counsel Kaplan Lee LLP had committed "fraud on the Court" during the trial court proceedings..

**11. Defendants: DAVID ALLAN GOLDSMITH**

Defendants place of work: 3 Copley Place Suite 3701 Boston, Ma. 02116

Defendant's title: Bentley Motors Inc. Representative/ Counsel

Defendant is being sued in his official capacity.

Defendant was the representative of Bentley Motors Inc. and Rusnak/Pasadena and served as co-counsel working with Kaplan Lee LLP., Jonathon Kaplan and Yitz Weiss in the Superior Court of Los Angeles case no. BC342574 " *Williams et al. v. Bentley Motors Inc. et al."* during the trial court proceedings.

Defendant was acting under the authority of Bentley Motors Inc. and Rusnak/Pasadena because after the Plaintiffs prevailed in their Song-Beverly Consumer Warranty Act (Civil Code, § 1790 et seq,) against Bentley Motors, Inc. and

Rusnak/Pasadena the colluded with Jonathon Kaplan and Yitz Weiss and the Plaintiffs attorney from Bradley & Gmelich Lawyers Barry Bradley, Lena Marderosian, Robert Mills, Robert Crook and Jonathon Ross during the proceeding in the trial Court when they engaged in "fraud on the court" which was directed at the judicial machinery itself and was just not fraud between the parties, but included false statements and fraudulent documents filed after July2, 2007 and David A. Goldsmith was able to corrupted or influenced the court or a member[s] of the court.

**12. Defendants: KAPLAN LEE LLP**

Defendants place of work: 725 S. Figueroa Street, Suite 3230 Los Angeles, Ca.

Defendant's title: Jonathon Kaplan

Defendant title: Counsel for Bentley Motors Inc. and Rusnak/Pasadena

Defendant is being sued in his official capacity.

Defendant was the prior legal counsel for Bentley Motors Inc. and Rusnak/Pasadena and worked with David A. Goldsmith and Yitz Weiss in the Superior Court of Los Angeles case no. BC342574 *"Williams et al.* v. Bentley Motors Inc. et al..

The defendant was acting under the authority of Bentley Motors Inc. and Rusnak/Pasadena because after the Plaintiffs prevailed in their Song-Beverly Consumer Warranty Act (Civil Code, § 1790 et seq,) against Bentley Motors, Inc. and Rusnak/Pasadena he colluded with David A. Goldsmith and Yitz Weiss and the Plaintiffs attorney from Bradley & Gmelich Lawyers Barry Bradley, Lena Marderosian, Robert Mills, Robert Crook and Jonathon Ross during the proceeding

76TS76T-

in the trial Court when they engaged in "fraud on the court" which was directed at the judicial machinery itself and was just not fraud between the parties, but included false statements and fraudulent documents filed after July2, 2007 and Jonathon Kaplan was able to corrupted or influenced the court or a member[s] of the court.

13. **Defendants: KAPLAN LEE LLP**

Defendant place of work: 725 S. Figueroa Street, Suite 3230 Los Angeles, Ca.

Defendant title: Yitz Weiss

Defendant is being sued in his official capacity.

Defendant was the prior counsel for Bentley Motors Inc. and Rusnak/Pasadena and worked with Jonathon Kaplan and David A. Goldsmith in the proceeding in the Superior Court of Los Angeles case no. BC342574 *"Williams et al v. Bentley Motors Inc. et al.*

The defendant was acting under the authority of Bentley Motors Inc. and Rusnak/Pasadena because after the Plaintiffs prevailed in their Song-Beverly Consumer Warranty Act (Civil Code, § 1790 et seq,) against Bentley Motors, Inc. and Rusnak/Pasadena he colluded with Jonathon Kaplan and David A. Goldsmith and the Plaintiffs' attorneys from Bradley & Gmelich Lawyers Barry Bradley, Lena Marderosian, Robert Mills, Robert Crook and Jonathon Ross during the proceeding in the trial Court when they engaged in "fraud on the court" which was directed at the judicial machinery itself and was just not fraud between the parties but included false statements and fraudulent documents filed after July2, 2007.

14. **Defendant: LAW OFFICE OF JIM O. WHITWORTH**

Defendants place of work: Norman Taylor &Associates

425 West Broadway, Suite 220

Glendale, California 91204-1269 &

Law Office of Jim O. Whitworth

8840 Warner Ave. Suite 301

Fountain Valley, California 92708-8682

Defendant's title: Jim O. Whitworth

Defendants being sued in its official capacity.

Defendant was prior Counsel for Alvin E. Williams and Judith M. Brown-Williams in Superior Court of Los Angeles case no. BC342574 matter *"Williams et al. v. Bentley Motors Inc. et al proceedings.*

This Defendants is being sued because he committed "fraud on the court" when he agreed to a stipulation to remove the Plaintiffs evidence and agreed to see evidence in the courts hallway, stipulated without the Plaintiffs permission and did not object to August 15, 2007 Statement of decision with controverted information, did not request a new trial, and stipulated without the Plaintiffs permission to a bench trial on damages, did not file the Judgment after court trial and accepted a fraudulent Judgment filed by Jonathon Kaplan on September 2, 2008 against the Plaintiffs and abandoned the Plaintiffs.

**15. Defendant: BRADLEY & GMELICH LAWYERS**

Defendants place of work: 700 N. Brand Boulevard, 10th Floor

Glendale, California 91201

Defendant's title: Barry Bradley

Defendants being sued in his official capacity.

Defendant was prior counsel for Alvin E. Williams and Judith M. Brown-Williams in the Superior Court of Los Angeles case no. BC342574 *"Williams et al. v. Bentley Motors Inc. et al.* matter.

This Defendant is being sued because he and the team of attorneys assigned to the *"Williams et al v. Bentley Motors Inc. et al* Superior Court of Los Angeles case no. *Bc342574* colluded and committed "fraud on the court" during the proceedings and filed fraudulent amounts owed to the Plaintiffs, the Defendant slandered the Plaintiffs by stating and putting that statement in writing to the Court of Appeals that the Plaintiffs were committing fraud on the court, the Defendants acts and failure to act made it impossible for the Plaintiffs to retain new counsel, the Defendant was very familiar with the case and represented the Plaintiffs s daughter and limousine driver in 2007, the Defendants did not object to August 15, 2007 Statement of Decision with controverted information; The Defendant accepted a fraudulent Judgments filed by Jonathon Kaplan on September 2, 2008 and the Judgment after court trial entered on September 8, 2008, the defendant had knowledge and agreed to Robert Mills filing the vicious motion in limine on or about September 19, 2008 to remove the Plaintiffs' evidence from the new trial on damages; the Defendant on September 22, 2008 was in collusion with Robert Mills and Jonathon Kaplan to dismiss the Plaintiffs' witness Kerry Caines from the State Farm Credit Union and was present in the trial court to testify and had the correct amounts the Plaintiffs' had paid on the subject vehicle, and knew or should have known Robert Mills misplaced the letter from the State Farm Credit Union with the

correct amounts paid by the Plaintiffs and agreed with Robert Mills differing to Jonathon Kaplan to provide the amounts to the courts, the Defendants knew or should have known that the amounts provided by Jonathon Kaplan to the court were incorrect and false and never filed Opposition with the trial court to change those incorrect amounts on August 5, 2009, the Defendants knew or should have known that the amounts calculated by Lena Marderosian and Robert Mills contained incorrect amounts due and owing the Plaintiffs, the Defendant provide incorrect amounts to Kaplan Lee LLP via Fax and authorized the issue of Payoff amount to the Plaintiffs that were incorrect and filed those incorrect amounts with the trial court on February 2, 2009 as payoff on the 2004 Bentley Arnage Mulliner and ordered Plaintiffs' to accept the incorrect payoff and return the subject vehicle to Bentley Motors Inc., Defendants met with Plaintiffs who provided new authorizations and documents showing the exact amounts paid the Plaintiffs the Defendant filed incorrect and false amounts for the trial court requested briefing on the comparison between amounts the Plaintiffs were entitled to on November 6, 2006 and Bentley Motors Inc. CCP 998 Offer in Compromise to the trial court on October 2, 2009

16. **Defendant : LAW OFFICE OF ROBERT MILLS**

Defendants place of work: 1240 Allen Ave. Glendora, California 91740

Defendant's title: Robert Mills

Defendants being sued in his official capacity.

Defendant was Prior counsel for Alvin E. Williams and Judith M. Brown-Williams in the Superior Court of Los Angeles case no. BC342574 *"Williams et al. v. Bentley Motors Inc. et al"* proceeding in the trial court.

This Defendant is being sued because he was one of the attorneys assigned to the *Alvin E. Williams and Judith M. Brown-Williams v. Bentley Motors Inc. and Rusnak/Pasadena Superior Court case no. BC342574* committed fraud on the court when he did not object to August 15, 2007 Statement of Decision with controverted information; accepted a fraudulent Judgment filed by Jonathon Kaplan on September 2, 2008 and the Judgment after court trial entered on September 8, 2008, he filed a vicious motion in limine on about September 19, 2008 to remove the Plaintiffs evidence from the new trial on damages; and caused a mistrial on September 19, 2008 and on September 22, 2008 agreed in collusion with Jonathon Kaplan to dismiss the Plaintiffs' witness Kerry Caines from the State Farm Credit Union who had the correct amounts the Plaintiffs' had paid on the subject vehicle, advised the court that he purportedly had misplaced the letter from the State Farm Credit Union with the correct amounts paid by the Plaintiffs' and differed to Jonathon Kaplan to provide the amounts to the courts and Jonathon Kaplan provided incorrect and false amounts due and owing the Plaintiffs and stipulated those incorrect and false amounts and calculated incorrect amounts due and owing the Plaintiffs' and provide those amounts to Kaplan Lee LLP and to the trial court on February 2, 2009 and August 5, 2009 and October 2, 2009 for the trial court requested briefing on the comparison between amounts the Plaintiffs were entitled to on November 6, 2006 at the time of Bentley Motors Inc. CCP 998 Offer in Compromise, the Defendant did not enter the Judgment after court trial, and forced the Plaintiffs to return the 2004 Bentley Arnage Mulliner without being properly compensated.

17. **Defendant: BRADLEY & GMELICH LAWYERS**

Defendants place of work: 700 N. Brand Boulevard, 10th Floor

Glendale, California 91201

Defendant's title: Lena Marderosian

Defendant being sued in her official capacity.

Defendant was Prior counsel for Alvin E. Williams and Judith M. Brown-Williams in Superior Court of Los Angeles case no. BC342574 *"Williams et al v. Bentley Motors Inc. et al* in the trial court proceedings.

This Defendant is being sued because she and the team of attorneys assigned to the *Alvin E. Williams and Judith M. Brown-Williams v. Bentley Motors Inc. and Rusnak/Pasadena* Superior Court case no. BC342574 committed "fraud on the court" when she agreed with other team attorneys to stipulated to incorrect and false amounts provided by Jonathon Kaplan on September 22, 2008, stipulation incorrect amounts paid by the Plaintiffs on the subject vehicle, and agreed to the incorrect and false amounts provided by Robert Mills on August 5, 2009 and on October 2, 2009 provide the trial court with a controverted calculations that did not make mathematical sense for the court requested briefing on the comparison between amounts the Plaintiffs were entitled to on November 6, 2006 verse the Bentley Motors Inc. CCP 998 Offer in Compromise and those amounts would be used by the court to determine the prevailing party, the defendant provided controverted amounts to the trial court and caused severe prejudice to the Plaintiffs when the trail court incorrectly determined the prevailing was Bentley Motors Inc. on December 24, 2009.

**18. Defendant: BRADLEY & GMELICH LAWYERS**

Defendants place of work: 700 N. Brand Boulevard, 10th Floor

Glendale, California 91201

Defendant's title: Robert Crook prior

Defendants being sued in his official capacity.

Defendant was Prior counsel for Alvin E. Williams and Judith M. Brown-Williams in the Superior Court of Los Angeles case no. BC342574 "*Williams et al v. Bentley Motors Inc. et al.* proceedings in the trial court

This Defendant is being sued in its official capacity as attorney representing Alvin E. Williams and Judith M. Brown-Williams in the Superior Court County of Los Angeles Case no. BC342574 matter *Alvin E. Williams and Judith M. Brown-Williams v. Bentley Motors Inc. and Rusnak/Pasadena.*

This Defendant is being sued because he and the team of attorneys assigned to the *Alvin E. Williams and Judith M. Brown-Williams v. Bentley Motors Inc. and Rusnak/Pasadena* Superior Court case no. BC342574 colluded to commit "fraud on the court" when he represented the Plaintiffs daughter Alexxus and limousine driver Onik Melikian and was very familiar with the details as early as 2007 and was a member of the team of attorneys and agreed to all acts and failure to act of the team that included stipulated to incorrect and false amounts that was to be provided by Jonathon Kaplan on September 22, 2008 for the Court requested stipulation as to the amounts paid by the Plaintiffs on the subject vehicle, and he agreed to the incorrect and false amounts provided by Robert Mills and also refused to correct the incorrect amounts filed by Robert Mills and Lena Marderosian on August 5, 2009

and after the trial court granted an extension to October 2, 2009 to provide the trial court with a clear briefing on the comparison between amounts the Plaintiffs were entitled to on November 6, 2006 verse the Bentley Motors Inc. CCP 998 Offer in Compromise he agreed to the controverted amounts in the documents provided to the trial court.

19. **Defendant: BRADLEY & GMELICH LAWYERS**

Defendants place of work: 700 N. Brand Boulevard, 10th Floor

Glendale, California 91201

Defendant's title; Jonathon Ross

Defendants being sued in their official capacity.

Defendant was Prior counsel for Alvin E. Williams and Judith M. Brown-Williams in the Superior Court of Los Angeles case no. BC342574 "*Williams et al v. Bentley Motors Inc. et al* proceedings in the trial court.

This Defendant was a member of the team of attorneys assigned to the Plaintiffs and because the Defendant colluded to commit "fraud on the court," as a member of the Plaintiffs team of attorneys the Defendant stipulated to incorrect and false amounts that was to be provided by Jonathon Kaplan on September 22, 2008 for the Court requested stipulation as to the amounts paid by the Plaintiffs on the subject vehicle, the Defendant agreed to the incorrect and false amounts provided by Robert Mills and refused Plaintiffs request to correct the incorrect amounts filed by Robert Mills and Lena Marderosian on August 5, 2009 and October 2, 2009 for the trial court requested briefing on the comparison between amounts the Plaintiffs were entitled verses the Bentley Motors Inc. CCP 998 Offer in Compromise on November 6, 2006.

## IV. STATEMENTS OF FACTS

20.     Plaintiffs Alvin E. Williams and Judith M. Brown-Williams (Collectively " The Williams') brought a new 2004 Bentley Arnage from Bentley Motors Inc. and Rusnak/Pasadena in February 2004 and because of defects in the car after it came to a complete stop in the fast lane of the 101 Freeway it was returned and replaced in May 2004.

21.     The replacement car suffered from a host of defects, including, among other problems, unexplained accelerating and stalling, and on occasions when the car's doors would not unlock, trapping passengers inside.

22.     The Williams' took the car to Rusnak/Pasadena for repairs 17 times, with the car spending 126 days in repair.

23.     The Williams' wrote a letter to Bentley Motors Inc. on September 30, 2005 and attached the Summary History of Repairs Rusnak/Pasadena Dealership on the 2004 Bentley Arnage Mulliner provided by service advisor Lisa Alvarez  and asked for a safe car only.

24.     On or about October 12, 2005 Bentley Motors Inc. sent a letter to The Williams' refusing to replace or refund the money paid on the car and sent their attorneys Jonathon Kaplan business card to the Williams' on October 14, 2005 via Federal Express

25.     Bentley Motors Inc. and Rusnak/Pasadena knew this was the family vehicle The Williams' had three children who did not drive at the time due to age and had reimbursed for the times they was forced to use their  personal limousine because the 2004 Bentley Arnage Mulliner was being repaired and/or unavailable.

26.     Judith M. Brown-Williams called Jonathon Kaplan and pleaded with him to convince Bentley motors Inc. we were not interested in a lawsuit and that this was the only vehicle the Williams had to carry their three young children and the loss of the car was devastating and was advised that Bentley Motors Inc. had already retained an attorney and he suggested that we retain a lawyer because he was not authorized to speak to us.

27.     A day or so later the Williams were contacted by Ron Taylor the GM at Rusnak/Pasadena and he apologized that he had to pick up the Rental the Dealership had provided and the Williams to drive and that day the Williams' having only a two seat car was unable to get her three children to school.

28.     Unable to find a similar vehicle for less than $5000 a day the Williams hired a driver to drive the family in their family owned limousine that had been used and reimbursed several times in the past by the Bentley Motors Inc. and Rusnak/Pasadena when the 2004 Bentley Arnage Mulliner was in repair or had stranded us.

29.     In November 4, 2005 Allan Golden filed suit on behalf of The Williams' in the Superior Court State Of California - Central District and had provided attorney Allan Golden with the complete file of all the invoices, sales documents, insurance documents and all correspondence in their file, evidence of lease payments to the State Farm Credit Union along with signed Authorization to provide detailed information on the purchase of the 2004 Bentley Arnage Mulliner and an Inspection was provided by William Brady of Boots to Bonnet and also provided The Williams'

depositions and they continued to pay the note and car insurance as required by the loan.

30. On March 19, 2006 The Williams' youngest daughter was trapped in the 2004 Bentley Arnage Mulliner while it was parked in their garage and was found hysterical and after contacting Bentley Motors Inc. roadside they advised Judith M. Brown-Williams that once the Bentley Doors are locked and the computer does not unlock them, that there was nothing they could do to open the doors and that they would send the Los Angeles/ Chatsworth Fire Department to break our daughter Alexxus from the car witnessed by the Williams' neighbor Dr. Aram Youseffian who came to their assistance and even tried to open the door with the key and was the one who ultimately freed her from the car and spoke with the fire department after they arrived.

31. After notifying Allan Golden of the incident and his total disregard for what had occurred and adding people are trapped by cars every day and that this was irrelevant information and hung up on The Williams.'

32. Soon thereafter the Williams' changed attorneys to Norman Taylor & Associates and Jim Whitworth was assigned as the lead attorney.

33. On October 16, 2006 an inspection on the 2004 Bentley Arnage Mulliner was ordered to take place at Rusnak/Pasadena and all the attorneys for Bentley Motors Inc. and Rusnak/Pasadena and their representatives were present along with William Brady from Boots to Bonnets who had done the inspection for the Williams'.

34. During the vehicle pickup on October 16, 2006 Alvin E. Williams videotaped the event and was able to capture exactly what wife Judith M. Brown-Williams had

experience the driver entered through an open door and was trapped by the subject

vehicle and had to escape through the window and the driver signed the pickup

documents that was filed with the court stating that he was trapped by the car and

he seemed shaken and when he signed the document  stating it was 2009.

35.    Jim Whitworth who was present when the tow truck driver arrived at

Rusnak/Pasadena dealership told the court during the first trial that after the tow

truck driver arrived at Rusnak/Pasadena Dealership with the 20004 Bentley Arnage

Mulliner and was in the presence of all attendees at the inspection reported that he

was trapped by the vehicle after he entered the car through the door and had to

climb out the front driver's window to escape.

36.    Jim Whitworth and Norman Taylor and Associates had knowledge and were

provided a copy of the video tape of the incident along with a copy of the document

signed by the driver confirming being trapped for the upcoming trial.

37.    On November 6, 2006 Bentley Motors Inc. representative David A. Goldsmith

prepared Bentley Motors Inc. CCP 998 Offer to Compromise and it was rejected by

the Williams' when the amount offered in compromise did not include the

significant interest paid to the State Farm Federal Credit Union on the loan for the

2004 Bentley Arnage Mulliner and was rejected by the Williams.'

38.    Just prior to the start of the first trial Jim Whitworth told The Williams' that

he had decided to leave Norman Taylor and Associate and it was in our best interest

to substitute Jim Whitworth new practice to be our attorney because he was the

only one working on the case and with a trial looming The Williams' agreed and

signed the substitution.

39.     The first trial in the Superior Court Los Angeles in Department 68 was scheduled for June 18, 2007 but due to the fact both the Court Judge Mark V. Mooney and one or more of the attorneys were in trial on June 18, 2007 the trial was trailed to June 25, 2007.

40.     The first trial started on June 25, 2007 and that morning Jim Whitworth advised The Williams' that Bentley Motors Inc. and Rusnak/Pasadena counsel was successful in their motions to the court to exclude all the evidence that they had provided to him including the video tape and the Summary History of Repairs that was received from Rusnak/Pasadena that confirms the cars being in for repairs for 126 days, and the fact Bentley Motors Inc. and Rusnak/Pasadena were manipulating the odometer.

41.     When Judith M. Brown-Williams was called to testify in the first trial she arrived to the witness stand with a three inch orange binder containing copies of all the original information provided to the current and prior attorneys including the October 16, 2006 videotape of the tow truck driver being trapped and Judge Mark V. Mooney then stated that all the information in the Orange Binder would be accepted as evidence and invited Bentley Motors Inc. and Rusnak/Pasadena counsel to review and confirm the contents of the binder and confirm all the information therein had been provided in discovery.

42.     After the trial resumed or sometime thereafter during the first trial outside the presence of the jury Judge Mark V. Mooney ordered Jim Whitworth to view the videotape on October 16, 2006 and report back to the court what he observed on the video and the next day so the Williams' returned with a video camera and Jim

Whitworth was able to view the videotape evidence of tow truck driver being entrapped by the subject vehicle in the court's hallway that morning and Jim Whitworth after viewing the videotape reported to the court what was observed on the "Videotape" out of the presence of the jury.

43. The trial court presiding Judge Mark V. Mooney was present for the entire trial and was absent on July 2, 2007 the day the Jury's Verdict was read.

44. The Court appointed Judge Ruth Kwon to preside over the reading on the verdict on July 2, 2007 that found that Bentley Motors Inc. and Rusnak/Pasadena had violated the Song Beverly Consumer Warranty Act with a 12/0 verdict in favor of the Williams' and the verdict contained (7) pages, the jury was polled thanked and discharged per the "Minutes Entered July 2, 2007"

45. The "Minutes Entered" state the trial court Judge Ruth Kwon without cause ordered that [Page 3] of the Jury's verdict voided the answer to Question #4, Question #5, and Question # 6 that indicated that a jury after hearing the evidence had concluded that Bentley Motors Inc. and Rusnak/Pasadena violated the Song Beverly Consumer warranty Act and The Williams' were entitled to damages as stated and calculated in the Special Verdict form with a 12/0 verdict was in essence "voided" by Judge Ruth Kwon without cause and after the jury was polled, thanked and discharged.

46. The trial court Judge Ruth Kwon allowed Jim Whitworth to stipulate without the Williams' permission or knowledge at a sidebar and in chambers to strike question 7c that contained the jury's award of interest and voided the Special Verdict Form and did so after the jury was polled, thanked and discharged.

47. The record of the court minutes entered on July 2, 2007 states the only stipulation filed was to return the exhibits.

48. The trial court minutes entered state that on July 3, 2007 a non-appearance case review was conducted by Judge Mark V. Mooney in chambers and counsel is telephonically notified by the judicial assistant that a bench trial was scheduled on July 9, 2007 on the limited issue of finance charges.

49. The trial court on July 3, 2007 accepted and Conformed Yitz Weiss' "Notice of Bench Trial on Remaining Issues" on behalf of Bentley Motors Inc. and Rusnak/Pasadena for the hearing on July 9, 2007.

50. The trial court accepted briefs from Jonathon Kaplan, David Goldsmith and Jim Whitworth that were on a fraudulent bench trial on Implied Warranty that was inapplicable to the matters before the Court per the minutes on July 3, 2007.. Appellant's Appendix referred to herein as (A/A) see: (A/A Volume I p. 001642-001645) David Goldsmith made a declaration (A/A Volume I p. 001646)

51. On or about July 7, 2007 the Williams' provided a 21 page fax from the State Farm Credit Union with the correct amounts paid on the subject vehicle. (A/A Vol. I p. 001659-001679)

52. The trial court held the Bench Trial on July 9, 2007 and the minutes entered states "the matter is called for hearing court and counsel confer in chambers off the record regarding Implied Warranty and acknowledges the receipt of Jonathan Kaplan's fraudulent trial brief on Implied Warranty filed on with a proof of service on July 9, 2007 for Implied Warranty that already tried to a jury and the court orders Jim Whitworth to file a reply for the Williams due by July 16, 2007.

53.     Jonathon Kaplan filed a fraudulent brief on Implied Warranty that was inconsistent with the Courts minutes on July 3, 2007.

54.     Jim Whitworth responded to the fraudulent brief filed by Jonathon Kaplan on July 17, 2007 a day after it was due per the courts minutes on July 9, 2007 and the trial court on July 17, 2007 rejected Jim Whitworth 24 faxed document "Plaintiffs Bench Brief Re: Violation of The Song Beverly Consumer Warranty Act – Implied Warranty" because only 23 pages of the 24 page document was received.

55.     The trial court accepted and conformed an inapplicable brief on July 17, 2007 from David A. Goldsmith "Reply o Plaintiffs' Bench Brief" on issues tried to the jury on July 2, 2007.

56.     The trial court accepted a series of fraudulent documents file by Jonathon Kaplan and David A. Goldsmith and ruled in favor of Bentley Motors Inc. and Rusnak/Pasadena and entered a "Statement of Decision" on August 15, 2007.

57.     The trial Court "Statement of Decision" entered on August 15, 2007 was attached to a fraudulent Repair History that was controverted and not historical accurate and contains a "Repair" on "November 22, 2007" on page 2 that could not have occurred prior to court entry of August 15, 2007 "Statement of Decision" that was signed by Judge Mark V. Mooney.

58.     On October 5, 2007 the trial court granted Jonathan Kaplan's a motion for new trial based on the purported stipulation made by Jim Whitworth after the Jury was polled, thanked and discharged on July 2, 2007 which is inconsistent with the minutes entered that states the Jury was polled, thanked and dismissed then Judge Ruth Kwon without cause voided page [3] of the verdict form and during a sidebar

or in chambers accepted a stipulation to remove the jury award of interest in question 7c.

59. The trial court unfairly granted the "Motion for New Trial." the court disregarded the salient record of the court when granting Jonathon Kaplan, David A. Goldsmith Motion for New Trial after they misrepresented the courts minutes on July 2, 2007 in there motion

60. The trial court minutes entered on July 2, 2007 states the Jim Whitworth entered into a "stipulation" with Jonathon Kaplan after the Jury was thanked and discharged.

61. The trial court acted outside the presence of the jury and without the knowledge of The Williams' in chambers with Jim Whitworth and Jonathon Kaplan, David A. Goldsmith and Yitz Weiss who were all in collusion and committing fraud on the court.

62. The trial court did not enter plaintiffs the Williams' damages in the trial court Judgment on July 2, 2007 using the completed Special Verdict Form from the jury filed with the trial court on July 2, 2007.

63. The trial court then allowed Jonathon Kaplan further discovery which allowed them to pursue not only The Williams' but also their 12 year old daughter Alexxus Williams and the Williams were forced to retain counsel to represent her.

64. Jonathon Kaplan sent a process server to the Williams' home and when Judith M. Brown-Williams advised the process server she was a minor and to please give her the documents, the process server refused the had been given specific instructions to serve the minor and said she would remain outside until Alexxus

arrived, scaring my daughter who overheard the entire conversation and was traumatized by the event.

65. Jim Whitworth stated he could not help us with the requested deposition or the process server and we were forced to hire counsel Bradley & Gmelich Partnership to represent our daughter 2007.

66. The new trial was scheduled for September 23, 2008 and just prior to trial Jim Whitworth asked The Williams' to sign 11 power of attorneys that were not attached to any documents and when The Williams' requested the documents to be attached to the Power of Attorney, Jim Whitworth refused and threatened to abandon us if we did not sign and return the 11 blank power of attorney.

67. The Williams' refused and were told to come and pick up their file from his office which they did and retained Bradley & Gmelich Lawyers on August 1, 2008 to represent us in the upcoming trial.

68. Bradley & Gmelich Lawyers was retained because they represented The Williams' daughter Alexxus and their Limousine driver Onik Melikian and during in the numerous conversations with the Williams and the fact they appeared at the deposition of the Williams driver they were very familiar with the case.

69. Bradley & Gmelich Lawyers was already familiar with the case but advised the Williams' that they could not take the case on contingency because there was a trial looming and the file was voluminous and that they needed team of attorneys all present at the August 1, 2008 meeting that included the service of Barry Bradley, Robert Mills, Lena Marderosian, Robert Crook and Jonathon Ross.